# IN RE NEW DEPARTURE MANUFACTURING COMPANY.

PATENTS; RES JUDICATA.

The Commissioner of Patents properly rejects an application for a patent by the assignee of a manufacturer, where, in a prior interference to which the inventor was a party and the same invention was involved, priority was awarded his adversary, and another interference, subsequent to the first and to which the assignee was a party, was dissolved on the ground that the decision in the prior interference was *res judicata* in favor of the successful party in the first interference. (Citing *Townsend* v. *Copeland*, 37 App. D. C. 325; and *New Departure Mfg. Co.* v. *Robinson*, 39 App. D. C. 504.)

No. 1001.    Patent Appeals.    Submitted January 12, 1916.    Decided February 7, 1916.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent.    *Affirmed.*

The facts are stated in the opinion.

*Mr. Gales P. Moore* and *Mr. H. A. Kingsbury* for the appellant.

*Mr. William R. Ballard* and *Mr. M. E. Porter* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant company, the New Departure Manufacturing Company, assignee of one James S. Copeland, appeals from a decision of the Commissioner of Patents refusing a patent for a braking mechanism for bicycles on the following claims:

"12. In a braking mechanism for bicycles, the combination

with the wheel hub having an annular braking surface, a radically expansible and contractible brake co-operating therewith, and a fixed support for one end of the brake, of a crank shaft, driving connections between the crank shaft and wheel hub, a brake operating member journaled concentric with the crank shaft and being connected with the free end of the brake, and angularly movable in the direction of the forward rotation of the wheel hub to apply the brake, and means whereby back pedaling moves the brake operating member angularly in the direction of forward rotation of the wheel.

"13. In a bicycle, the combination with the drive wheel hub and drive shaft journaled remote from each other, with driving connections between said shaft and hub, of a brake applied to the hub, a brake operating member journaled on the drive shaft, connections between the operating member and brake, and means for imparting angular movement to the operating member in the direction of forward rotation of the hub when back pedaling pressure is applied to the shaft to thereby apply the brake.

"14. In a bicycle, a wheel hub having a braking surface at one side of its center, a driver at the opposite side of its center, a brake co-operating with said braking surface, a pivoted brake. operating member angularly movable about its center in the direction of forward rotation of the wheel to apply the brake, a drive shaft, connections whereby pressure on the drive shaft in one direction rotates the wheel forwardly, and means whereby back pedaling applies the brake.

"15. In a bicycle, the combination with the drive shaft and wheel hub, of a flexible brake applied to the hub, a fixed support for one end of the brake, a drawrod connected with the opposite end of the brake and located above the hub and shaft, a brake operating member journaled concentrically of the drive shaft, and means whereby the brake operating member is rotated in the direction of rotation of the wheel to apply the brake in back pedaling."

It appears that in a tri-party interference between Copeland and one Robinson and one Townsend, Robinson was awarded

claims in substance the same as the four in issue. That interference reached this court, where it was affirmed. *Townsend* v. *Copeland,* 37 App. D. C. 325.

The Commissioner in his opinion held that "the appealed claims, other than 14, necessarily follow the patentability of that claim, as is admitted in the brief here presented." He then calls attention to the fact that in a former interference in which claim 14 was the issue, appellant company, as the assignee of Copeland, was denied this claim. *New Departure Mfg. Co.* v. *Robinson,* 39 App. D. C. 504. In that case this court affirmed the Commissioner in dissolving the interference on the ground that the decision in the earlier interference was *res judicata* in favor of Robinson. The Commissioner was right, therefore, in holding the decision in *Townsend* v. *Copeland res judicata* and a bar to the right of appellant to a patent based upon the appealed claims.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                *Affirmed.*